UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WALTER SHANE LANGSTON, | No. 2:16-cv-0829-EFB P |
|---|---|
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTION REHABILITATION, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983. Challenges to the validity of one's confinement or the

---

[1] Petitioner also seeks leave to proceed in forma pauperis. ECF No. 2. That request is granted.

duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

In this case, petitioner complains that on May 8, 2001, "CDCR unlawful[ly] affixed a rape case . . . indicating that [petitioner is] a sex offender" and that he has been denied "reasonable protection [ ] from threat of violence of sexual threat assault or battery by other prisoners or prison officials." ECF No. 1 at 5.[2]  As relief, he requests that "all documents" related to the rape case be "remove[d]." *Id.* at 15.  This habeas action must be summarily dismissed because petitioner's claim concerns only the conditions of his confinement.  The petition does not sound in habeas because it does not concern the validity or duration of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 2) is granted, and the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed and that all outstanding motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

---

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 16, 2016.

                                                                    _____
                                                                    EDMUND F. BRENNAN
                                                                    UNITED STATES MAGISTRATE JUDGE